UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNIE V. SALAZAR,

        Plaintiff,

v.                                        CASE NO. 8:04-CV-2598-T-27MAP

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. §§ 405 (g) and 1383 et seq., the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for Supplemental Security Income ("SSI") benefits. The Plaintiff alleges that the ALJ erred by (1) failing to give proper weight to the opinion of the treating physician; (2) substituting his opinion for that of the medical expert; and (3) failing to articulate adequate reasons for finding the Plaintiff's allegations regarding her limitations to be not totally credible. After reviewing the record, I conclude that the ALJ's findings are supported by substantial evidence and recommend that the Plaintiff's complaint be dismissed and judgment entered for the Defendant.

A. *Background*

The Plaintiff, who was 36 years old at the time of her administrative hearing, alleges a disability onset date of April 6, 2000, due to chronic bronchitis, lumbar strain, mild chronic pulmonary insufficiency, and female problems. Plaintiff has an eleventh grade education and work experience as a fruit picker, a cafeteria worker, a housekeeper and a janitor. After reviewing and

evaluating the record evidence, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of light work.  Therefore, the Commissioner found Plaintiff not "disabled" within the meaning of the Social Security Act.

       B.   *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416. 920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920 (a).  Thus, the Commissioner must determine in sequence the following: whether the claimant is engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e. one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See* 20 C.F.R. § 416.920 (f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

In reviewing the ALJ's findings, this Court must ask if they are supported by substantial evidence.  42 U.S.C. 405 (g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971).  Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401.  "It is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Bloodsworth*, 703 F.2d at 1233.  If supported by substantial evidence, findings of the Commissioner are conclusive.  42 U.S.C. § 405 (g).

 *C.  Discussion*

  *1.  The ALJ gave proper weight to the opinion of the treating physician*

 Plaintiff alleges that the ALJ failed to give proper weight to her treating physician, Dr. Jacobo N. Lama's opinion that (1) she was totally disabled from any occupation due to her radicular back pain and shortness of breath (emphysema); (2) it was indefinite as to when she would be able to resume work; and (3) her prognosis was fair and her condition had not been improving.  Plaintiff also alleges that the ALJ improperly relied instead upon the reports of two reviewing physicians, who opined that Plaintiff was capable of light or medium work with no environmental limitations. In response, the Defendant asserts that the ALJ properly rejected the opinion of Dr. Lama to the extent that it was inconsistent with his conclusion that the Plaintiff could perform light work.

 The law of this Circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 416.927(d)(2).  Good cause can be shown to exist where the opinion of the treating physician is not bolstered by the evidence, the evidence supports a contrary finding, or the doctor's opinions are conclusory or inconsistent with their own medical records.  *Lewis v. Callahan*, 125 F.3d

1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 416.927(d)(2). Additionally, the ALJ is required to clearly articulate the reasons for giving less weight to the opinion of the treating physician. *Lewis*, 125 F.3d at 1440. Nonetheless, the physician's opinion is not sacred. A treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but is an opinion on an issue reserved to the Commissioner. 20 C.F.R. §416.927 (e) (1). Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record because an opinion that a claimant is unable to work is never entitled to controlling weight or special significance. S.S.R. 96-5p 1996 WL 374183, *1-3 (S.S.A.).

Pursuant to these rules, the ALJ evaluated all of the Plaintiff's medical evidence and found that Dr. Lama's conclusory opinion that the Plaintiff was totally disabled from any occupation due to her radicular back pain and shortness of breath (emphysema) was wholly unsupported. The record shows that in June 2001, when Dr. Lama diagnosed Plaintiff with radicular back pain and shortness of breath (emphysema) and opined that she was disabled, he did not provide any accompanying objective medical evidence to support his disability opinion (R. 305). Dr. Lama relied on Plaintiff's subjective complaints, in stating his opinion, Plaintiff was totally disabled from any occupation, without stating clear the limits of her physical capabilities. The ALJ also noted that in June 2001, Dr. Lama only prescribed a cane for the Plaintiff based on her request rather than on an actual medical finding of necessity. Furthermore, the medical evidence does not bolster Dr. Lama's opinion. In fact, the record supports a contrary finding that Plaintiff is not disabled. During a consultative examination in October 2000, the Plaintiff's gait was normal, and she was able to do heel and toe walking (R. 228). There were no motor, sensory or reflex deficits (R. 228). A lumbar spine x-ray in June 2001 showed no abnormalities (R. 302). The inconsistency between Dr. Lama's

4

opinion and the medical evidence provides good cause for the ALJ's refusal to give substantial weight to his opinion on Plaintiff's disability.  Furthermore, in refusing to give substantial weight to Dr. Lama's opinion, the ALJ noted that it is quite clear that the doctor's opinion is based on the request of Plaintiff more than upon actual findings.  This Court finds this to be a clear articulation of the ALJ's reasons for giving less weight to Dr. Lama's opinion.

Instead, the ALJ relied upon the opinions of the two reviewing physicians, Dr. Janet Johnson and Dr. Violet Stone to find Plaintiff not disabled with an RFC to perform light work.  Dr. Johnson found Plaintiff capable of medium work activity with occasional climbing of ladders, ropes, scaffolds and avoidance of hazards such as machinery and heights (R. 241, 243).  Dr. Stone found Plaintiff capable of a full range of light work (R. 264-70).  In accepting the reviewing physicians' opinions, the ALJ specifically noted that he found Dr. Stone's opinion to be quite consistent with the medical evidence. The opinions of the two reviewing physicians are generally consistent with each other and supported by substantial evidence.  As such, it was not improper for the ALJ to rely on their opinions in determining that Plaintiff was not disabled and capable of performing light work.  *See* 20 C.F.R. § 416. 927 (f) (opinions of non-examining sources are to be considered).

### 2. The ALJ did not substitute his opinion for that of the medical expert

The Plaintiff alleges that the ALJ erred by substituting his opinion for that of Dr. Linder, the medical expert who testified at the administrative hearing.  In response, the Defendant asserts that the ALJ did not err because a review of Dr. Linder's testimony supports the ALJ's decision.  After considering both the Plaintiff's medical record and the symptoms expressed regarding her breathing problems, Dr. Linder advised Plaintiff should work in a highly air conditioned environment with frequent changes of air 15 to 20 times an hour, using a high powered filter such as a hepa-filter,

minimizing cloth covered surfaces, using non-porous surfaces which can be completely cleaned on

a regular basis, avoidance of exposure to pets, using synthetic materials that don't gather dander and

dust, and avoidance of elements within the workplace that cause allergy (R. 68).  In finding Plaintiff

able to perform light work but should "avoid extreme heat/cold, humidity, fumes and environmental

pollutants," the ALJ sufficiently incorporated Dr. Linder's opinion.  As such, the ALJ did not

substitute his opinion for that of Dr. Linder's.

>   *3. The ALJ followed the regulatory scheme for evaluating pain*

Plaintiff alleges that the ALJ erred in failing to articulate adequate reasons for finding

her allegations regarding her limitations to be not totally credible.  In response, the Defendant

contends that the ALJ properly concluded that the medical evidence, the Plaintiff's testimony, and

her activities, failed to confirm the severity of her alleged pain and other subjective complaints, and

that they do not show that her condition was so severe as to be expected to produce the

alleged disabling pain.

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants

that attempt to establish disability through their own testimony of subjective complaints.  The

standard requires (1) evidence of an underlying medical condition and; either (2) objective medical

evidence that confirms the severity of the alleged pain arising from that condition; or (3) that the

objectively determined medical condition is of such severity that it can reasonably be expected to

give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  When the ALJ

decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate

reasons for doing so.  *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *see also* 20 C.F.R. §

416.929.

The ALJ referenced the fact that while the Plaintiff complained of back pain, her medical record does not support those complaints.  In support of this conclusion, the ALJ noted that during a consultative examination done October 2000, Dr. Nelson noted that Plaintiff's gait was normal, she was able to do heel and toe walking, and there were no motor, sensory or reflex deficits (R. 228). The ALJ further noted that a lumbar spine x-ray in June 2001 showed no abnormalities (R. 302). With regards to the Plaintiff's breathing problems, the ALJ noted that the medical evidence reveals that she does have a diagnosis of chronic pulmonary disease, for which she has sought emergency room treatment but has never been admitted to any hospital.  However, the ALJ also noted that the medical record shows that Plaintiff's chest x-rays have been within normal limits, pulmonary function testing in October 2000 showed marked improvement following bronchodilation, pulse oximetry performed on room air in December 2000 was within normal limits and a repeated pulmonary function testing in August 2003 was normal (R. 210, 219, 228, 256, 284-94, 357).  Furthermore, the record shows that despite complaints of breathing problems and doctors' advice to stop smoking, Plaintiff has continued to smoke.  In concluding that Plaintiff is not disabled, the ALJ found that if her respiratory status was as incapacitating as alleged, she would have followed her doctors' orders and ceased smoking. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (failure to follow prescribed medical treatment will preclude a finding of disability). In addition, while the records revealed complaints of numerous female problems, the Plaintiff failed to follow repeated advice to seek treatment with a GYN specialist.

Finally, although the Plaintiff was diagnosed with migraine headaches and her treating physician noted that her inhaler made her jittery, the medical records failed to confirm their disabling nature. *See Foster v. Bowen*, 853 F.3d 483, 489 (6th Cir. 1988) (diagnosis of impairment

does not indicate severity of impairment).  As such, the ALJ did not err in failing to articulate adequate reasons for finding the Plaintiff's allegations regarding her limitations to be not credible. Furthermore, the ALJ noted that he found the Plaintiff's allegations not entirely credible because of the discrepancies between her assertions and the record evidence.   This Court finds this to be an explicit and adequate articulation of the ALJ's reasons for discrediting the Plaintiff's  testimony.

### D.  Conclusion

Accordingly, it is

ORDERED:

1.  The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

2.   The Clerk is directed to enter judgment for the Commissioner.

DONE and ORDERED in Tampa, Florida, on this 8th day of March 2006.


cc: Counsel of Record